IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────────────

BRANDON COLEMAN,

                              Petitioner,

   v.                                                OPINION AND ORDER

WARDEN EMMERICH,                                24-cv-540-wmc

                              Respondent.
───────────────────────────────────────────────────────────────────────

     Petitioner Brandon Coleman is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Coleman has filed a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence. (Dkt. #1.) Specifically, petitioner contends that his release date was wrongly calculated based on an incorrect determination of his risk for recidivism under the First Step Act, which has improperly delayed his release to a half-way house. Respondent has filed an answer along with records showing that the Coleman did not exhaust available administrative remedies with respect to his claims. (Dkt. ##8-9.) Coleman has not filed a reply within the time allowed. Because the record shows that Coleman did not exhaust administrative remedies as required, the petition will be dismissed for the reasons explained below.

OPINION

     Petitioner is currently incarcerated as the result of a federal conviction for three counts of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and three counts of distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1). *See United*

*States v. Brandon Coleman et al.*, No. 5:210-cr-20520 (E.D. Mich.). Petitioner received a sentence of 66 months' imprisonment followed by an 8-year term of supervised release in that case. His projected release date is August 27, 2025. (Dkt. #9-1, at 2.)

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id*. Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Respondent has provided records showing that, although petitioner submitted an initial grievance to challenge the calculation of his sentence on July 31, 2024, he filed his federal habeas corpus petition on August 5, 2024, before that grievance was denied by the warden on August 6, 2024. (Behrens Decl. (dkt. #9) ¶ 10.) After the warden denied his initial grievance, petitioner filed an appeal to the regional director, which was denied on September 12, 2024, but petitioner did not appeal further to the Office of General Counsel. (*Id*. ¶¶ 10-11.) Petitioner does not dispute that he failed to complete the administrative remedy process and he provides no facts showing that his failure to exhaust should be excused. Therefore, the petition will be dismissed without prejudice as unexhausted.

## ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Brandon Coleman (dkt. #1) is DISMISSED without prejudice for lack of exhaustion.

2. The clerk of court shall enter judgment and close this case.

Entered on this 18th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge